**UNITED STATES of America, Plaintiff,**

v.

**Jerry Curtis DAVIS, Defendant.**

Crim. A. No. 93–50065.

United States District Court,
E.D. Michigan,
Southern Division.

March 15, 1995.

Mark C. Jones, U.S. Attorney's Office, Flint, MI, for plaintiff.

Richard D. Korn, Detroit, MI, for defendant.

### MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S APPLICATION FOR RELEASE PENDING APPEAL

GADOLA, District Judge.

Defendant Jerry Curtis Davis was convicted by a jury of mail fraud, 18 U.S.C. §§ 1341

and 1346, on October 5, 1994. Defendant was sentenced by this court on January 11, 1995 to 18 months in prison. A notice of appeal was filed on January 11, 1995.

The pertinent statute is 18 U.S.C. § 3143(b)(1), which provides as follows:

(b) Release or detention pending appeal by the defendant.—(1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—

(A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and

(B) that the appeal is not for the purpose of delay and *raises a substantial question of law or fact likely* to result in—

(i) reversal,

(ii) an order for a new trial,

(iii) a sentence that does not include a term of imprisonment, or

(iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (b)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

18 U.S.C. § 3143(b)(1) (emphasis added).

Defendant states that the "principal issue on appeal will be whether the trial court's refusal to give duress instruction to the jury constitutes reversible error." Defendant argues that the recent trends in the law of duress create a substantial question of law likely to result in a new trial. However, defendant does not cite a single case in his application. The court disagrees with defendant that he has raised a substantial question of law likely to result in a new trial.

■ In the instant case, defendant admitted to issuing eight or nine false driver's licenses over a year and a half period. The Sixth Circuit has identified five factors that control whether a jury instruction presenting a duress defense should be given by a District Court Judge. The defendant must present evidence that:

1. defendant was under an unlawful and present, imminent and impending threat of such a nature as to induce a well-grounded apprehension of death or serious bodily injury;

2. defendant had not recklessly or negligently place himself in a situation in which it was probable that he would be forced to choose the criminal conduct;

3. defendant had no reasonable legal alternative to violating the law, a chance both to refuse to do the criminal act and also to avoid the threatened harm;

4. direct causal relationship may be reasonable anticipated between the criminal action taken and the avoidance of the threatened harm

5. defendant did not maintain the illegal conduct any longer than absolutely necessary.

*United States v. Riffe,* 28 F.3d 565, 569 (6th Cir.1994). Defendant was unable to show that he faced imminent danger, had no reasonable alternative to violating the law and did not maintain the illegal conduct longer than necessary. If a defendant fails to show that the threat was immediate and that he was unable to surrender when the threat abated, then the court properly excludes any instruction on the duress defense. *United States v. Campbell,* 675 F.2d 815, 820–821 (6th Cir.1982), *cert. denied,* 459 U.S. 850, 103 S.Ct. 112, 74 L.Ed.2d 99 (1982).

■ In cases similar to the instant case, other circuits have also upheld decisions by trial courts to exclude an instruction on the duress defense. In *United States v. Scott,* 901 F.2d 871 (10th Cir.1990), defendant was allegedly threatened by a third party who

showed him a machine gun and said "you wouldn't want to be in front of that thing would you" and "you wouldn't want any of your family in front of that would you?" *Id.* at 872. The court found that defendant, who had made six trips to buy chemicals between August 1987 and January 1988, had countless opportunities to contact law enforcement authorities and to escape the perceived threats. Therefore, the court held that defendant was not entitled to a jury instruction on the duress defense. In *United States v. Becerra,* 992 F.2d 960, 965 (9th Cir.1993), defendant testified that he was coerced into selling drugs to an undercover detective who threatened to kill him or his family. The court refused to give an instruction on duress because defendant had not established that he lacked a reasonable opportunity to escape the threatened. *See also United States of America v. Gant,* 691 F.2d 1159 (5th Cir. 1982). Similarly, in the instant case, defendant had ample opportunity over the year and a half to contact the law enforcement authorities or to escape the perceived threats. Therefore, the court finds that defendant has failed to raise a substantial question of law or fact likely to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment or a reduced sentence.

Defendant also argues that he will not pose a danger to the community. The government agrees. However, the court will not grant defendant's application because defendant has failed to raise a substantial issue of law or fact *likely* to result in reversal, an order for a new trial, a sentence that does not include a term of imprisonment or a reduced sentence.

### ORDER

Therefore, it is hereby **ORDERED** that defendant's application for release pending appeal is **DENIED**.

**SO ORDERED.**